Filed 5/25/22  P. v. Cifuentes CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>JOEL CIFUENTES,<br>    Defendant and Appellant. | A163104<br><br>(Contra Costa County<br>Case No. 52000602) |

On November 15, 2019, Cifuentes ran a red light at an intersection and struck a sedan carrying three passengers:  Anthony J., Daniela Z., and their three-month old son.  Anthony and Daniela were injured and taken to the hospital, and their car suffered major damage.  Cifuentes left the scene.  He was found in a nearby creek with red eyes and smelling of alcohol.  At the police station, Cifuentes took two breathalyzer tests.  The tests indicated he had a 0.16 blood alcohol content and had been driving while impaired.  In addition, he was driving without a valid license, as his had been suspended in May 2017 for driving with an excessive blood alcohol content.

Days after the collision, Anthony reported to the investigating detective that he broke his foot in the accident and suffered from severe muscle plain in his lower back.  He needed crutches to walk.  Daniela reported that she had been hospitalized and her injuries required a six-hour surgery to reset her hip and screws to secure her femur.  Her left leg, right arm, and right

1

hand were bruised, and she had a laceration on her left leg.  She was in severe pain and on pain medication.

On January 15, 2020, the Contra Costa County District Attorney filed an information charging Cifuentes with driving under the influence causing injury (Veh. Code, § 23153, subd. (a), count 1); driving with a blood alcohol level of 0.08% or more causing injury (*Id.*, § 23153, subd. (b), count 2); leaving the scene of an accident (*Id.*, § 20001, subd. (a), count 3); and driving when privilege suspended or revoked for failing blood alcohol test (*Id.*, § 14601.5, subd. (a), count 4).  As to counts 1 and 2, the information alleged as special enhancements that appellant personally inflicted great bodily injury on two victims (Pen. Code, § 12022.7, subd. (a)).

On June 15, 2020, Cifuentes, having waived his rights, pled to count 1 and admitted the special enhancements.  The trial court sentenced him to five years of formal probation with the condition that he serve 364 days in jail.

On April 7, 2021, Cifuentes submitted on victim restitution in the amount of $5,312 for Anthony.

On June 23, 2021, the court held a hearing to address victim restitution for Daniela's mother, Sandra V., who left her job to care for her grandson following the car accident.  Daniela testified that, prior to the accident, she was her son's primary caregiver.  But she was severely injured by the accident.  On November 20, 2019—five days after the accident—she had surgery.  Following surgery, she was transferred to a nursing home where she remained until March 12, 2020.  For the approximately four-month period of hospitalization and recovery in the nursing home, Sandra cared for the child, an infant.

Sandra testified that she had to leave work to care for her grandson. Due to the loss of income, she also lost her car and had to move out of her house and into a hotel for a brief period of 8-10 days when she could not pay rent. At the job she left, she had been earning $20 per hour, eight hours a day, Monday through Friday. She calculated that she had lost "close to $9,000" in wages. Her rent had been $1,800 per month. The hotel she moved into for a brief period charged her $650 for the first four days, but she could not remember the exact daily rate. Asked if she had incurred any other expenses other than lost wages and the hotel stay due to caring for her grandchild, she replied, "No, just that."

The prosecutor asked for $9,500 in restitution for lost wages and an additional $1,500 for hotel bills. The court noted that, based on her $20 per hour rate and full-time work schedule, the lost wages should be calculated between $12,000 to $13,000. Defense counsel requested restitution be set at $9,000 based on Sandra's request, noting she was in the best position to know how much money she lost. Defense counsel also requested an offset to the hotel costs, since she had been paying rent. The court ordered restitution to Sandra in the amount of $9,910, which consisted of $9,500 in lost wages and $410 for the hotel stay. That same day, Cifuentes filed a notice of appeal.

Appellate counsel has filed a brief asking us to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues on appeal. Appellate counsel has averred defendant was advised of his right to file a supplemental brief, but he has not filed such a brief. Having independently reviewed the record, we conclude there are no issues that require further briefing and affirm the judgment.

3

**DISPOSITION**

The judgment is affirmed.

_____

Petrou, J.

WE CONCUR:

_____

Fujisaki, Acting P.J.

_____

Rodríguez, J.

*A163104/People v. Cifuentes*